IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JARED COOKE,

       Petitioner,

v.                                        CIVIL ACTION NO. 1:19CV150
                                          CRIMINAL ACTION NO. 1:17CR63
                                          (Judge Keeley)

UNITED STATES OF AMERICA,

       Respondent.

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

    Pending is the pro se motion filed pursuant to 28 U.S.C. §
2255 by the petitioner, Jared Cooke ("Cooke"), seeking to vacate,
set aside, or correct his sentence (1:17CR63, Dkt. No. 99;
1:19CV150, Dkt. No. 1). For the reasons that follow, the Court
**DENIES** his motion and **DISMISSES WITH PREJUDICE** Civil Action Number
1:19CV150.

## I.   BACKGROUND

    On January 10, 2017, Cooke and his co-defendant forcibly
entered a residence in Morgantown, West Virginia, with the intent
to rob the occupants of their drugs and drug proceeds (Dkt. No.
126 at 33).[1] Once inside, Cooke located a shotgun and held the
occupants at gunpoint, forcing them to comply with his demands.
Id. at 33-34.

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action
No. 1:17CR63.

COOKE V. UNITED STATES                    1:19CV60/1:17CR63

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
### [1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

On November 7, 2017, a grand jury sitting in the Northern District of West Virginia indicted Cooke for conspiracy to violate federal firearms laws, in violation of 18 U.S.C. § 924(o) (Count One); use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three); and aiding and abetting the possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and 2 (Count Four). After Cooke pleaded guilty to Count Three, the Court sentenced him to 84 months of imprisonment, the mandatory minimum sentence for a violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Dkt. Nos. 52, 61). Cooke did not appeal, and his conviction became final on August 30, 2018.

On August 9, 2019, Cooke filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, contending he had received ineffective assistance of counsel because his attorney (1) did not advise him of certain cases decided by or pending before the Supreme Court of the United States; (2) did not object to errors in the indictment; and (3) coerced him into accepting the plea agreement in this case (Dkt. No. 99).

## II.  <u>APPLICABLE LAW</u>

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence

COOKE V. UNITED STATES                            1:19CV60/1:17CR63

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
### [1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

To succeed on an ineffective assistance of counsel claim, the "petitioner must show, by a preponderance of the evidence, that (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" Beyle v. United States, 269 F. Supp. 3d 716, 726 (E.D. Va. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The [p]etitioner must 'satisfy both prongs, and a failure of proof on either prong ends the matter.'" Beyle, 269 F. Supp.3d at 726 (quoting United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

To satisfy the first prong, a petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687-88. But "[j]udicial scrutiny of

COOKE V. UNITED STATES                              1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689, 2064. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id.

To satisfy the second prong, the petitioner must show that his counsel's error was not harmless, but prejudicial to the outcome of the case. Id. at 694. When the petitioner has entered into a plea agreement, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### III. DISCUSSION

A.   **Failure to advise of cases decided by and pending before the Supreme Court of the United States**

Cooke first contends that his attorney provided ineffective assistance by failing to advise him of certain cases decided by

COOKE V. UNITED STATES                    1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

and pending before the Supreme Court of the United States,
including Johnson v. United States, 576 U.S. 591 (2015); Sessions
v. Dimaya, 138 S. Ct. 1204 (2018); and United States v. Davis, 139
S. Ct. 2319 (2019) (Dkt. No. 120). According to Cooke, these cases
invalidate his conviction under 18 U.S.C. § 924(c).

An offense under 18 U.S.C. § 924(c)(1)(A) arises when a
defendant uses or carries a firearm during or in relation to a
"crime of violence." See Mathis, 932 F.3d at 263. Section 924(c)(3)
defines a crime of violence as a felony offense that:

> (A)  has as an element the use, attempted use, or
> threatened use of physical force against the person
> or property of another, or
>
> (B)  that by its nature, involves a substantial risk
> that physical force against the person or property
> of another may be used in the course of committing
> the offense.

Subsections 924(c)(3)(A) and (B) are commonly referred to as "the
force clause" and "the residual clause," respectively. United
States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015).

Cooke is correct that, prior to his plea hearing on April 12,
2018, the Supreme Court had found the residual clauses of two
similarly worded statutes to be unconstitutionally vague. See
Johnson, 576 U.S. at 596-97 (invalidating the residual clause in

5

COOKE V. UNITED STATES                    1:19CV60/1:17CR63

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**
**[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]**

the definition of "violent felony" in 18 U.S.C. § 924(e)(1));
Dimaya, 138 S. Ct. at 1210 (invalidating the residual clause in
the definition of "aggravated felony" in 18 U.S.C. § 16). He is
also correct that, after his conviction became final on August 30,
2018, the Supreme Court, in Davis, invalidated the residual clause
of § 924(c) as unconstitutionally vague. 139 S. Ct. at 2323.
Nevertheless, Cooke's reliance on these cases is misplaced because
the holdings in Johnson, Dimaya, or Davis do not affect his
conviction under the force clause of § 924(c).

Cooke's belief that these cases impact his conviction arises
from his misunderstanding of the predicate offense for his § 924(c)
conviction. He contends that his predicate offense was conspiracy
to violate federal firearms laws as charged in Count One of the
indictment, which does not qualify as a "crime of violence" under
the force clause (Dkt. No. 120 at 7). But a review of the record
establishes that his § 924(c) conviction was predicated on
substantive Hobbs Act robbery, a qualifying crime of violence under
the force clause of § 924(c). See United States v. Mathis, 932
F.3d 242, 265–66 (4th Cir. 2019) (where, applying the categorical
approach, the Fourth Circuit held that Hobbs Act robbery is a crime

6

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

of violence because it requires, at a minimum, the "threatened use
of physical force").

"[P]roof of a predicate offense is an essential element of a
§ 924(c) violation," but the Government is not required to
separately charge or convict the defendant of the predicate
offense. United States v. Randall, 171 F.3d 195, 205, 208 (4th
Cir. 1999). "Rather, to be valid, a § 924(c) conviction merely
requires a 'showing by the government that a reasonable jury could
have convicted on the predicate . . . offense.'" United States v.
Thompson, No. 19-7586, 2021 WL 4521111, at *1 (4th Cir. Oct. 4,
2021) (quoting United States v. Carter, 300 F.3d 415, 425 (4th
Cir. 2002)). To determine whether the Government has made that
showing, the court may look to the facts the defendant admitted
through the plea agreement and plea colloquy. United States v.
Crawley, 2 F.4th 257, 262-65 (4th Cir. 2021).

Here, for Hobbs Act Robbery to serve as the predicate offense
for Cooke's § 924(c) conviction, the Government must have shown
that a reasonable jury could have convicted him of this offense.
Carter, 300 F.3d at 425. The Government met its burden through the

COOKE V. UNITED STATES                              1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

language of the indictment, the terms of the plea agreement, and

Cooke's testimony during his plea colloquy.

Although not required to do so, Randall, 171 F.3d at 205,

208, the Government specified Hobbs Act robbery as the predicate

offense for Cooke's § 924(c) conviction in Count Three of the

indictment, which states:

> On or about January 10, 2017, in Monongalia County,
> within the Northern District of West Virginia, [Cooke],
> did knowingly use and carry a firearm . . . during and
> in relation to a crime of violence for which he may be
> prosecuted in a Court of the United States; to wit:
> Interference with Commerce by Threats or Violence (Hobbs
> Act); a felony prosecutable in the Court of the United
> States under Title 18, United States Code, Section
> 1951(a); in violation of Title 18, United States Code,
> Section 924(c)(1)(A)(ii).

(Dkt. No. 1 at 4) (emphasis added). Cooke agreed to plead guilty

to this charge in his plea agreement (Dkt. No. 52 at 1).

Further, at the plea hearing, the Government proffered the

factual basis for Cooke's guilty plea (Dkt. No. 126 at 33). Its

account focused on the timeline of events during and after the

robbery rather than on any acts in furtherance of the charged

conspiracy or any agreement that may have existed between Cooke

and his co-defendant to violate any federal firearms law. Id. at

33-34. Specifically, the proffer provided that, on January 10,

8

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
### [1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

2017, Cooke and his co-defendant forcibly entered a residence in Morgantown, West Virginia, to rob the occupants of their drugs and drug proceeds (Dkt. No. 126 at 33). During the robbery, Cooke held the occupants at gunpoint with a shotgun he found inside the residence. Id. at 33-34. He and his co-defendant then stole the shotgun, cash, prescription pills, and cell phones. Id. at 34. While under oath, Cooke confirmed the accuracy of the Government's account. Id. at 37-38. Based on these admitted facts, a reasonable jury could have convicted Cooke of Hobbs Act Robbery.[2] Crawley, 2 F.4th at 262-65.

The indictment in this case, combined with Cooke's testimony, establishes that his § 924(c) conviction is predicated on Hobbs Act robbery, a crime of violence under § 924(c)'s force clause. Mathis, 932 F. 2d at 265-66. And, because the force clause remains in full effect, Cooke's § 924(c) conviction is not impacted by the holdings in Johnson, Dimaya, or Davis, and he cannot prove that

---

[2] See United States v. Reed, 780 F.3d 260, 271 (4th Cir. 2015) (Hobbs Act Robbery requires the government to prove "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the 'wrongful use of actual or threatened force, violence or fear or under color of official right'; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce.").

COOKE V. UNITED STATES                                1:19CV60/1:17CR63

## MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
### [1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

his attorney's alleged failure to advise him of these cases was objectively unreasonable or prejudicial.

**B.    Failure to object to the indictment**

Cooke next contends that his counsel provided ineffective assistance by failing to object to several errors in the indictment (Dkt. No. 120 at 14-20). Because the indictment complies with the necessary requirements, and both Cooke and his counsel demonstrated their understanding of the indictment during the plea hearing, each of Cooke's arguments fail.

### 1.    Lack of substantive Hobbs Act robbery charge

First, Cooke asserts that his attorney should have challenged the sufficiency of the indictment because it did not separately charge him with substantive Hobbs Act robbery. Id. at 14-16. And, according to him, without a separate charge, Hobbs Act robbery could not have served as the predicate offense for his § 924(c) conviction. Id. But, as discussed above, the Government was not required to separately charge or convict Cooke of substantive Hobbs Act Robbery for it to constitute the predicate offense for his § 924(c) conviction. Randall, 171 F.3d at 205, 208. Thus, Cooke

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

cannot prove that his attorney's alleged failure to object was objectively unreasonable or prejudicial.

### 2.   Count Three - duplicitous and misleading

Cooke next avers that his attorney should have objected to Count Three of the indictment as duplicitous because it charges him both with using a firearm during a crime of violence, in violation of § 924(c)(1)(A)(ii), and substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Dkt. No. 120 at 15-19). The defendant may raise a duplicity objection if the indictment "join[s] in a single count two or more distinct and separate offenses." United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993) (citing Fed. R. Civ. Pro. 12(b)(3)(B)(i)). Here, Count Three does not charge Cooke with substantive Hobbs Act robbery and only references the offense as the predicate for Cooke's § 924(c) conviction. Because the indictment does not include two separate offenses together in Count Three, it is not duplicitous, and his attorney had no basis for raising such objection.

Cooke also contends that Count Three's reference to Hobbs Act robbery rendered the indictment misleading. But, during the plea

11

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**
**[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]**

hearing, Cooke repeatedly stated that he understood the charges
against him and the potential consequences of his plea agreement.
His discussions with Magistrate Judge Aloi during his plea colloquy
fully demonstrate his understanding.

    **3.  Count Three - omission of the word "brandish"**

    Cooke asserts that his counsel should have objected to Count
Three of the indictment because it did not include the term
"brandish" (Dkt. No. 120 at 18-19). "[A]n indictment must (1)
indicate the elements of the offense and fairly inform the
defendant of the exact charges and (2) enable the defendant to
plead double jeopardy in subsequent prosecutions for the same
offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir.
1998). One of the indictment's principal purposes is to put the
defendant on notice of the charges against him so that he may
adequately prepare a defense. United States v. Fogel, 901 F.2d 23,
25 (4th Cir. 1990). Id. As such, the sufficiency of the indictment
is determined by practical, not technical, considerations. United
States v. Cobb, 905 F.2d 784, 790 (4th Cir. 1990).

    Here, Count Three of the indictment states that Cooke "did
knowingly use and carry a firearm . . . during and in relation to

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

a crime of violence . . . in violation of 18 U.S.C.
§ 924(c)(1)(A)(ii)." Pursuant to § 924(c)(1)(A)(i), carrying or
using a firearm during a crime of violence carries a five-year
mandatory minimum sentence. But, pursuant to § 924(c)(1)(A)(ii),
brandishing a firearm during a crime of violence carries an
enhanced seven-year mandatory minimum sentence. According to
Cooke, because Count Three states only that he used and carried a
firearm during a robbery but cites to the brandishing subsection
of § 924(c)(1)(A)(ii), his attorney should have challenged the
indictment as invalid.

    While Count Three omits the term "brandish," its reference to
the brandishing subsection of § 924(c) adequately informed Cooke
of the elements of the charged offense. See Williams, 152 F.3d at
299. Further, the record establishes that Cooke was fully aware
that he had been charged with brandishing a firearm. As discussed
in detail below, during the plea hearing, Cooke confirmed that his
attorney had explained the sentencing structure of § 924(c) to him
and that he understood he faced a mandatory seven-year sentence
(Dkt. No. 126 at 16-17). Moreover, during its proffer, the
government explained how Cooke had located a shotgun in the

13

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**
**[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]**

victims' residence and held the victims at gunpoint during the robbery. id. at 34, facts which Cooke admitted during his plea colloquy. Id. at 37-38. Thus, Count Three was not invalid despite its omission of the term brandish because it did not deprive Cooke of notice of the charges against him, impair his ability to defend himself, or render him unable to assert a double jeopardy defense in any subsequent prosecution.

Even if Count Three of the indictment had been inadequate and Cooke's attorney should have objected, Cooke cannot show prejudice. Based on the record in this case, there is nothing to suggest that, in this instance, the government would not have easily cured the error by filing a superseding indictment or that Cooke would not have still pleaded guilty to violating § 924(c)(1)(A)(ii). Therefore, his ineffective assistance of counsel claim fails.

**4.   Factual Disputes**

Finally, Cooke contends that his attorney should have objected to the accuracy of facts alleged to support the indictment, including that (1) he and his co-defendant did not enter the victims' residence with the intent to steal drugs or

14

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

drug proceeds, only with the intent to steal money; (2) he did not
have the intent to rob the victims with a firearm at the outset of
the conspiracy because he only located the shotgun once inside the
residence; and (3) he could not have used, carried, or brandished
the shotgun during the robbery because it was a "proceed of drugs"
(Dkt. No. 120 at 14-15). Importantly, Cooke had an opportunity to
dispute these facts during the plea hearing but instead confirmed
the government's account of his offense conduct (Dkt. No.126 at
35-37).

Even if Cooke's attorney had raised the objections he now
suggests, "courts lack authority to review the sufficiency of
evidence supporting an indictment." United States v. Wills, 346
F.3d 476, 488 (4th. Cir. 2003). And an indictment cannot be
dismissed based on facts that would be developed at trial. United
States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012). By pleading
guilty, Cooke relieved the government of its burden to put forward
witnesses and evidence to prove the facts alleged in the
indictment. Cooke readily acknowledged that he waived this right
during the plea hearing (Dkt. No. 126 at 52-53). Therefore, no
meritorious grounds existed for Cooke's attorney to raise the

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

factual disputes he now alleges, and his attorney's performance did not fall below an objective standard of reasonableness.

### C. Coerced into plea agreement

Finally, Cooke's argument that his attorney was ineffective because he coerced Cooke into pleading guilty is unavailing. According to Cooke, he pleaded guilty only at the insistence of his attorney and did so only because he did not understand the charges against him (Dkt. No. 120). This argument fails for lack of any evidentiary support and is belied by Cooke's sworn testimony at his plea hearing.

A guilty plea must be a voluntary and intelligent decision of the defendant. North Carolina v. Alford, 400 U.S. 25, 31 (1970). If the defendant does not understand his constitutional protections and the charges made against him, the guilty plea is invalid. Henderson v. Morgan, 426 U.S. 637. 645 (1976). A valid guilty plea also requires that the defendant be made aware of any mandatory minimum sentence which may be imposed. Manley v. United States, 588 F.2d 79, 81 (4th Cir. 1978). A defendant's sworn statements made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any

16

COOKE V. UNITED STATES                        1:19CV60/1:17CR63

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

subsequent collateral proceedings." Blackledge v. Allison, 431
U.S. 63, 74 (1977). Accordingly, "in the absence of extraordinary
circumstances, . . . allegations in a § 2255 motion that directly
contradict the petitioner's sworn statements made during a
properly conducted Rule 11 colloquy are always 'palpably
incredible' and 'patently frivolous or false.'" United States v.
Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted).

At the plea hearing in this case, Magistrate Judge Aloi placed
Cooke under oath and conducted an extensive plea colloquy (Dkt.
No. 126). He first confirmed that Cooke understood the charges
against him as well as the consequences of his plea agreement. Id.
at 32, 40-50). When Magistrate Judge Aloi noted that Cooke seemed
hesitant, Cooke explained that he was "uncomfortable" with the
seven-year mandatory minimum sentence that accompanied his
offense.[3] Id. at 17. His attorney offered that it had been difficult
for Cooke to accept the seven-year sentence when he believed he

---

[3] Cooke also expressed his desire for a plea agreement under which he
would plead guilty to a charge carrying a lessor mandatory minimum. Id.
at 17. The Government clarified that during informal pre-indictment plea
negotiations with Cooke it had discussed a lessor § 924(c) charge which
would have carried a five-year mandatory minimum sentence. Id. at 18.

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
### [1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

was less culpable than his co-defendant and did not own the firearm used during the robbery. Id. at 19-22.

Magistrate Judge Aloi then thoroughly addressed Cooke's concerns. Id. at 13-17. Specifically, he explained that § 924(c) offenses carried mandatory minimum sentences; brandishing a firearm during a crime of violence, in violation of § 924(c)(1)(A)(ii), carried a mandatory minimum sentence of seven (7) years; if he pleaded guilty to this charge, the Court could not impose any lower sentence; and, if he did not wish to plead guilty, he could proceed to trial on the charges against him in the indictment. Id. at 23-25.

Following this discussion, Cooke restated his intent to plead guilty and confirmed that he had been given sufficient time to discuss his decision with his attorney and that he understood the consequences of the plea agreement. Id. at 25-26. Cooke also demonstrated his understanding of the plea agreement by asking Magistrate Judge Aloi clarifying questions about his eligibility for certain reductions under the sentencing guidelines. Id. at 26-27. Thereafter, the Government proffered evidence in support of Cooke's guilt, id. at 33-34, and the following exchange occurred:

18

COOKE V. UNITED STATES                          1:19CV60/1:17CR63

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
### [1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

THE COURT: Now as we sit here today, Mr. Cooke, would you agree that your guilty plea is lawful?

THE DEFENDANT: Yes, I agree.

THE COURT: Do you agree that it's voluntary?

THE DEFENDANT: Yes, sir.

. . .

THE COURT: Now, Mr. Cooke, I find that you understand the constitutional and other legal rights that you do give up by pleading guilty. Now, knowing all these things, Mr. Cooke, do you still wish to plead guilty at this time?

THE DEFENDANT: Yes, sir.

THE COURT: Has any person forced you, threatened you, coerced you, intimidated you, or talked you into entering a guilty plea against your will?

THE DEFENDANT: No, sir.

THE COURT: Has -- are you acting voluntarily and of your own free will in entering this guilty plea?

THE DEFENDANT: Yes, sir.

. . .

THE COURT: Now, Mr. Cooke, I find that your guilty plea is voluntary. Here -- here's our last chance, Mr. Cooke. So, Mr. Cooke, at this time, do you have any questions or second thoughts about entering a plea of guilty?

THE DEFENDANT: No, sir.

THE COURT: Okay. Would you please stand, Mr. Cooke? Mr. Cooke, how do you plead to Count Three of the Indictment, charging you with the use of a firearm during a crime of violence, guilty or not guilty?

THE DEFENDANT: Guilty.

COOKE V. UNITED STATES                    1:19CV60/1:17CR63

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**
**[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]**

Id. at 50, 55-57.[4]

Based on this record, it is clear that Cooke knowingly and voluntarily entered his guilty plea. Any hesitation by Cooke was premised on his displeasure with the seven-year mandatory minimum sentence, not on any lack of understanding or coercion by his attorney as he now contends. Therefore, because Cooke has failed to show that his counsel's performance fell below an objective standard of reasonableness as required by Strickland, his claim fails.

## IV.   CONCLUSION

For the reasons discussed, the Court **DENIES** Cooke's § 2255 motion (1:17CR63, Dkt. No. 99; 1:19CV150, Dkt. No. 1) and **DISMISSES WITH PREJUDICE** Civil Action Number 1:19CV150. Because the record conclusively establishes that Cooke is not entitled to relief,

---

[4] The Court also notes that Cooke's parents, who had spoken with Cooke and his attorney regarding his guilty plea, stated on the record at the plea hearing that they had no concern that their son had been coerced into entering the plea agreement or that he did not understand its terms:

> THE COURT: Okay. I mean, but you don't feel like you leave here that your son has been pushed into or rushed into something or doing something that he didn't understand?
>
> UNIDENTIFIED MALE SPEAKER: No.
>
> UNIDENTIFIED FEMALE SPEAKER: No.

Id. at 25.

COOKE V. UNITED STATES                              1:19CV60/1:17CR63

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
#### [1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]

there is no need for the Court to conduct an evidentiary hearing. 28 U.S.C. § 2255(b); see Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit a copy of this order to Cooke by certified mail, return receipt requested, to counsel of record by electronic means, and to strike this case from the Court's active docket.

### V.    NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Cooke has not made a "substantial showing of the denial of a constitutional right." See

21

**COOKE V. UNITED STATES**                              **1:19CV60/1:17CR63**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**
**[1:17CR63, DKT. NO. 99; 1:19CV150, DKT. NO. 1]**

28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Cooke has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

Dated: May 11, 2022

                                      /s/ Irene M. Keeley
                                      IRENE M. KEELEY
                                      UNITED STATES DISTRICT JUDGE